# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## AUGUST SESSION, 1999

FILED

December 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. W1999-01884-CCA-R3-CD |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | LAUDERDALE COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH E. WALKER, |
| JIMMY ROBINSON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Possession of Cocaine with |
| | ) | Intent to Deliver) |

## ON APPEAL FROM THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY

FOR THE APPELLANT:

C. MICHAEL ROBBINS
46 North Third Street, Suite 719
Memphis, TN 38103

GARY F. ANTRICAN
District Public Defender

JULIE K. PILLOW
Assistant Public Defender
4705 Mueller Brass Road
Covington, TN 38019

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

J. ROSS DYER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

ELIZABETH T. RICE
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED _____

AFFIRMED IN ACCORDANCE WITH RULE 20

DAVID H. WELLES, JUDGE

# OPINION

The Defendant was convicted on a jury verdict of possession with intent to deliver .5 or more grams of cocaine, a Class B felony. In this appeal, he argues primarily that the evidence introduced against him is insufficient to support his conviction. We disagree and affirm the judgment of the trial court.

Law enforcement officers obtained a search warrant for the Defendant's apartment. The Defendant was present when they executed the warrant and the officers found .5 grams of crack cocaine in the form of three separate pieces or "rocks." Over the Defendant's objection, the officers were allowed to testify that on the night prior to the execution of the warrant, they had observed several individuals, over the course of approximately an hour and a half, approach the Defendant's apartment, knock on his door, and then leave after no one opened the door. The Defendant was not present in his apartment during this period of time. The Defendant argues that allowing this testimony constitutes reversible error because the evidence is not relevant and is highly prejudicial.

The Defendant also argues that the record supports no more than a conviction of simple possession and asks that this Court modify his conviction accordingly. The Defendant testified that the cocaine which he possessed was for his personal use and denied that he intended to sell or deliver any of the cocaine. The State presented testimony which supported its theory of the case. We believe the testimony presented at trial demonstrated classic jury issues concerning the credibility of the witnesses, the weight and value to be given the evidence, and other factual matters. The jury obviously resolved all of these issues in favor of the State.

We conclude that the evidence presented is sufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt.  We further conclude that no error of law requiring a reversal of the judgment is apparent on the record. Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE